UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN L. W.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Case No. C21-5021 TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of the Commissioner's denial of his application for supplemental security income benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

## I. ISSUES FOR REVIEW

1. Whether the ALJ erred in failing to explain the discrepancy between the Residential Function Capacity determination and the opinions of state agency consultants?
2. Whether the ALJ erred in analyzing medical opinion evidence in light of plaintiff's substance abuse?

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 1

## II.     BACKGROUND

On January 3, 2018 plaintiff filed an application for supplemental security income alleging a disability onset date of June 1, 1992. Administrative Record (AR) 21. Plaintiff's application was denied initially and upon reconsideration. AR 21. A hearing was held before Administrative Law Judge Laura Speck Havens on April 29, 2020. AR 21, 43-76. During the hearing plaintiff amended the alleged onset date to January 3, 2018. AR 21, 47. On May 14, 2020, the ALJ issued a decision finding that plaintiff was not disabled. AR. 21-40. On November 5, 2020, the Appeals Council denied review making the ALJ's decision the final agency action. AR 1-6.

Plaintiff seeks judicial review of the ALJ's May 14, 2020 decision. Dkt. 4.

## III.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV.     DISCUSSION

The ALJ found that plaintiff had the severe, medically determinable impairments of alcohol and marijuana addiction, degenerative disc disease, hypertension, schizoaffective disorder, depression and anxiety. AR 24. Based on the limitations stemming from these impairments, including the substance abuse disorder, the ALJ found that plaintiff could perform light work with the following limitations:

## II.     BACKGROUND

On January 3, 2018 plaintiff filed an application for supplemental security income alleging a disability onset date of June 1, 1992. Administrative Record (AR) 21. Plaintiff's application was denied initially and upon reconsideration. AR 21. A hearing was held before Administrative Law Judge Laura Speck Havens on April 29, 2020. AR 21, 43-76. During the hearing plaintiff amended the alleged onset date to January 3, 2018. AR 21, 47. On May 14, 2020, the ALJ issued a decision finding that plaintiff was not disabled. AR. 21-40. On November 5, 2020, the Appeals Council denied review making the ALJ's decision the final agency action. AR 1-6.

Plaintiff seeks judicial review of the ALJ's May 14, 2020 decision. Dkt. 4.

## III.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

## IV.     DISCUSSION

The ALJ found that plaintiff had the severe, medically determinable impairments of alcohol and marijuana addiction, degenerative disc disease, hypertension, schizoaffective disorder, depression and anxiety. AR 24. Based on the limitations stemming from these impairments, including the substance abuse disorder, the ALJ found that plaintiff could perform light work with the following limitations:

> The claimant is capable of lifting and/or carrying up to 20 pounds occasionally and up to 10 pounds frequently. He is limited to stand and/or walk for 6 hours in an 8-hour workday. He is limited to sit for 6 hours in an 8-hour workday. The claimant could only occasionally climb, balance, stoop, kneel, or crouch. He may never crawl. The claimant could understand, remember, and carry out simple one to two step instructions only, with occasional interactions with co-workers, the general public, and supervisors. The claimant would have only occasional ability to maintain attendance. Occasional is defined as very little to one-third of the time.

AR 27. Relying on vocational expert (VE) testimony, the ALJ determined that, considering all of plaintiff's impairments, including the substance use disorder, plaintiff is unable to make a successful vocational adjustment to work that exists in significant numbers in the national economy. AR 32.

The ALJ found that if plaintiff stopped the substance abuse, plaintiff would continue to have a severe impairments or combination of impairments. AR 32. The ALJ determined that if plaintiff stopped the substance abuse, he would be able to perform light work with the following limitations:

> The claimant is capable of lifting and/or carrying up to 20 pounds occasionally and up to 10 pounds frequently. He is limited to stand and/or walk for 6 hours in an 8-hour workday. He is limited to sit for 6 hours in an 8-hour workday. The claimant could only occasionally climb, balance, stoop, kneel or crouch. He may never crawl. The claimant could understand, remember, and carry out simple one to two step instructions only, with occasional interactions with co-workers, the general public, and supervisors.

AR 34. Relying on vocational expert testimony, the ALJ determined that if plaintiff stopped the substance abuse, there would be significant number of jobs in the national economy that plaintiff could perform. AR 39. Accordingly, the ALJ found that plaintiff was not disabled within the meaning of the Social Security Act because substance use

disorder is a contributing factor material to the determination of disability and plaintiff would not be disabled if he stopped the substance use. AR 40.

### A. State Agency Consultants

First, plaintiff contends the ALJ erred because the ALJ did not reject the opinions of the state agency consultants but failed to include their opinions regarding plaintiff's limitations in the RFC. Dkt. 16 at 3-6.

During a Consultative Examination in May 2018, Dr. Raymond Novak diagnosed plaintiff with the following impairments: depressive, bipolar and related disorders; substance addiction disorders (alcohol); and personality disorders. AR 92. Dr. Novak opined that plaintiff would have moderate limitations in understanding and remembering detailed instructions. AR 97. Dr. Novak stated that plaintiff is able to understand, remember and carryout simple one to two step instructions. AR 97.

Further, Dr. Novak found that plaintiff would be moderately limited in his ability to: interact appropriately with the general public; accept instructions and respond appropriately to criticism from supervisors; and get along with coworkers or peers without distracting them or exhibiting behavioral extremes. AR 97. However, Dr. Novak opined that plaintiff would not be significantly limited in his ability to: ask simple questions or request assistance; and maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. AR 97. Dr. Novak explained that plaintiff would perform best in a non-public work environment with minimal social demands "where contacts are superficial and non-collaborative, and where there is no expectation to resolve conflicts or persuade others to follow work related demands." AR 97.

In a November 2018 Consultative Examination, Dr. Andres Kerns reviewed Dr. Novak's opinion; Dr. Kerns agreed with and adopted Dr. Novak's opinion. AR 115-16, 120-21.

The ALJ found that the opinions of Dr. Novak and Dr. Kerns were "generally persuasive and consistent with the record." AR 38. Based on these opinions and the record, the ALJ determined that plaintiff was "limited to understand, remember, and carry out simple one to two step instructions only, with occasional interactions with co-workers, the general public and supervisors." AR 38. Additionally, the ALJ acknowledged that Drs. Novak and Kerns found that substance abuse was not material. AR 38. However, the ALJ explained that based on evidence of symptom exacerbation, the plaintiff would have only occasional ability to maintain attendance when abusing substances. AR 38.

Plaintiff argues that the ALJ mischaracterized the opinions of Dr. Novak and Dr. Kerns and that the RFC does not reflect the true nature of these opinions.

A plaintiff's RFC is "not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 SSR LEXIS 5 at *2 (emphasis in original). "The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r SSA*, 807 F.3d 996, 1006 (9th Cir. 2015). Additionally, an ALJ does not need to include limitations in a plaintiff's RFC that are mere recommendations as opposed to imperatives. *Rounds*, 807 F.3d at 1006, *Carmickle v. Comm'r SSA*, 533 F.3d 1155, 1165 (9th Cir. 2008).

The ALJ did not err in finding that plaintiff could only have occasional interactions with co-workers, the general public and supervisors. Drs. Novak and Kerns did not limit

plaintiff to only work that is non-public with minimal social demands, where contacts are superficial and non-collaborative, and where there is no expectation to resolve conflicts or persuade others to follow work related demands. Rather, they opined that this is the type of work environment where plaintiff would perform the "best". Dr. Novak and Dr. Kerns opined that this would be plaintiff's optimal work environment. However, an RFC need not incorporate what would be an optimal work environment, but rather it must describe the most a claimant can do despite limitations. SSR 96-8p, 1996 SSR LEXIS 5 at *2; 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

Drs. Novak and Kerns opined that plaintiff would be moderately limited in his ability to interact appropriately with the public and get along with co-workers without distracting them. AR 97. However, they opined that plaintiff would not be limited in his ability to maintain socially appropriate behavior. AR 97.

Accordingly, the ALJ did not err in translating and incorporating the opinions of Dr. Novak and Dr. Kerns in plaintiff's RFC. *Rounds*, 807 F.3d 1006; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("If the evidence admits of more than one rational interpretation, we must uphold the decision of the ALJ.").

B.  Glenn Marks, Ph.D

Next, plaintiff argues that the ALJ erred in concluding that if plaintiff ended his substance use, plaintiff's RFC would not include the limitation of "only occasional ability to maintain attendance." Dkt. 16. Plaintiff argues that the only reference to plaintiff's ability to maintain attendance was in the evaluation of Dr. Marks. *Id.* Accordingly, because plaintiff met with Dr. Marks during a period of sobriety, plaintiff argues that the

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS - 6

1  ALJ erred by relying on an opinion issued during a time of sobriety to justify limitations
2  during periods of substance abuse. Dkt. 16.
3       In May 2018 plaintiff met with Dr. Marks, a consultative examiner. AR 608. Dr.
4  Marks noted that plaintiff reported drinking "at least a 6-pack several times a week" but
5  stated that he had not used alcohol in over two weeks prior to the evaluation. AR 609.
6  Dr. Marks diagnosed plaintiff with alcohol dependence. AR 610. Dr. Marks noted that
7  "consistent attendance is a concern" for plaintiff. AR 611.
8       The ALJ found that Dr. Mark's opinion was generally persuasive and consistent
9  with the record. AR 38. Specifically, the ALJ found that the evidence suggested that
10 plaintiff exhibited symptom exacerbation while abusing substance "to the point where
11 the claimant was treated at the emergency room or hospitalized several times, which
12 could cause attendance issues." AR 38 (citing AR 362, 377, 384, 406-408, 427-432,
13 465-467, 563-585). The evidence that the ALJ cited indicates that plaintiff's mental
14 health symptoms worsened when plaintiff consumed alcohol. AR 362 (plaintiff admitted
15 to Crisis Intervention Clinic due to depression and suicidal ideations, noting
16 intoxication); AR 377 (plaintiff admitted to short-term inpatient treatment due to
17 intoxication, depression and suicidal ideations); AR 384 (discharge notes stating that
18 after detox plaintiff had reduced depression levels and denied suicidal ideations); AR
19 406-08 (treatment notes indicating that plaintiff left treatment facility and was admitted to
20 another clinic complaining of suicidal ideations after intoxication but plaintiff denied
21 suicidal ideations the next morning); AR 427-32 (treatment notes indicating increased
22 symptoms of depression due to alcohol dependence and noting that plaintiff was at an
23 increased risk of suicidal ideations due to alcohol use); AR 465-67 (psychiatric
24
25
ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 7

evaluation indicating that plaintiff endorsed depression, anxiety, and suicidal ideations related to alcohol consumption). The ALJ also cited records indicating that plaintiff was admitted to inpatient care for paranoid and delusional thoughts but denied consuming alcohol in the prior two weeks. AR 563-575.

Plaintiff argues that the ALJ erred by improperly relying on Dr. Marks' opinion to determine plaintiff's RFC during a period of substance use because Dr. Marks met with plaintiff during a period of sobriety. Even if the ALJ erred in applying Dr. Marks' opinion to plaintiff's RFC, the error would be harmless because the ALJ provided other valid reasons to support plaintiff's RFC without substance use. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012); *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The ALJ found that, based on plaintiff's medical records, plaintiff's symptoms were exacerbated while abusing substance to the point where the claimant had to be hospitalized for these symptoms. AR 38. The ALJ found that the frequent hospitalizations would cause attendance issues. AR 38.

The ALJ is responsible for translating the medical evidence and clinical findings into a succinct RFC. *Rounds*, 807 F.3d at 1006. Even if evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's finding so long as it is supported by inferences reasonably drawn from the record. *Owen v. Saul*, 830 Fed. Appx. 979, 981 (9th Cir. 2020); *Molina*, 674 F.3d at 1111.

Substantial evidence supports the ALJ's determination. The records that the ALJ cited indicate that plaintiff's symptoms worsened with alcohol consumption and during these periods plaintiff reported increased depression, paranoia, and suicidal ideations. The records also indicate that plaintiff's symptoms worsened to the point of

hospitalization. These medical records indicate that after plaintiff was admitted for a few days he would be released reporting reduced symptoms and denying suicidal ideations. This increased symptoms and increased hospitalization related to plaintiff's substance use would rationally cause attendance issues.

Based on the foregoing, the ALJ did not commit harmful error in determining plaintiff's RFC if plaintiff ceased substance use.

## V.   CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendants' decision to deny benefits therefore is AFFIRMED.

Dated this 13th day of December, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge